UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 05-336 (RBW) |
| | : | |
| JOHN B. TORKELSEN, | : | |
| | : | VIOLATION: 18 U.S.C. § 1006 |
| Defendant. | : | (False Entry in Books, Reports and |
| | : | Statements of a Small Business |
| | : | Investment Company Licensed by the |
| | : | U.S. Small Business Administration) |

## SUPERSEDING INFORMATION

The United States Attorney charges**:**

### COUNT ONE

At times material to this Information:

    l.  Acorn Technology Fund ("ATF") was a New Jersey Limited Partnership organized for the purpose of operating as a Small Business Investment Company ("SBIC"), a privately organized and managed financial institution that was licensed and funded by the United States Small Business Administration ("SBA").  The SBA provided financial assistance in the form of commitments to ATF in order to aid it in investing in start-up business concerns.  ATF sought and obtained commitments from the SBA, which were then drawn against by ATF in a series of "draws" resulting in multi-million dollar payments from the SBA to ATF.  Defendant JOHN B. TORKELSEN managed and controlled the day-to-day affairs of ATF and occupied a position of trust at ATF that involved substantial discretionary judgment that was given considerable deference by SBA officials. As outlined below, defendant JOHN B. TORKELSEN abused that position of trust in a manner that significantly facilitated the commission and concealment of the instant offense.

2. ATF's sole General Partner was Acorn Technology Partners, L.L.C. ("ATP"), a New Jersey Limited Liability Company.

3. Princeton Valuation Consultants, L.L.C. ("PVC"), and Princeton Technology Management L.L.C. ("PTM"), were New Jersey Limited Liability Companies in which family members of defendant JOHN B. TORKELSEN held controlling interests. PTM provided facilities, equipment, personnel and services to ATF for a fee, known as a management fee. This management fee was paid from ATF through ATP to PTM and was limited by SBA regulations using a formula taking into account the financial condition of ATF including its "regulatory capital".

## Conversion of ATF Funds

4. During 2000, defendant JOHN B. TORKELSEN, and others converted at least $5 million from ATF that it had received under the SBA commitments. These converted funds, in the form of management fees in excess of amounts permitted by SBA regulations, were reflected on an ATF accounting ledger labeled "pre-paid management fees". As further described below, defendant JOHN B. TORKELSEN falsified ATF's records to make it appear that $5 million in pre-paid management fees had been repaid with available funds from sources outside of ATF, when he in fact well knew that such "repayments" were made with proceeds of loans secured by a pledge of ATF assets.

## Falsification of ATF's Records Regarding Conversion of ATF Funds

5. On or about June 1, 2000, PTM obtained a $2 million loan from Main Street Bank, Doylestown, Pennsylvania (later known as Progress Bank), the proceeds of which were deposited to an ATF account and thereafter used to purchase a certificate of deposit in the name of ATF. Defendant JOHN B. TORKELSEN caused this loan to be secured by the ATF certificate of deposit.

6. On or about September 28, 2000, PVC obtained a $2 million loan from Summit Bank, Summit, New Jersey (later known as Fleet Bank), the proceeds of which were deposited to accounts held by ATF. Defendant JOHN B. TORKELSEN caused this loan to be secured by the assets of ATF.

7. On or about October 25, 2000, PVC obtained a $1 million loan from Summit Bank, Summit, New Jersey, the proceeds of which were deposited to accounts held by ATF. Defendant JOHN B. TORKELSEN caused this loan to be secured by the assets of ATF.

8. Defendant JOHN B. TORKELSEN initiated the loan and asset pledge transactions described in paragraphs 5 through 7 in order to reduce the pre-paid management fees total reflected on ATF's accounting books and thereby make it falsely appear to SBA that $5 million in ATF funds, converted during 2000, had been repaid with unencumbered funds. In order to further deceive SBA personnel, defendant JOHN B. TORKELSEN made false representations and statements concealing the pledges of ATF's assets as security for the loans from Main Street Bank and Summit Bank, including, among other things:

(a) altering bank account statements to remove references to the account being pledged as collateral for loans and providing the altered statements to the SBA and ATF's outside auditors; and

(b) submitting false and misleading standardized SBA forms that omitted any reference to pledged assets.

9. On or about October 27, 2000, defendant JOHN B. TORKELSEN caused a false entry in reports and statements of ATF to be made and submitted to the SBA, to wit a false and misleading Form 856 Disclosure Statement for ATF representing that no assets of ATF were pledged or otherwise hypothecated as security for any liability.

**False Entry in Books, Reports and Statements of ATF**

10.  On or about February 10, 2002, defendant JOHN B. TORKELSEN, acting with intent to deceive examiners and agents of the SBA, did knowingly and willfully make and cause to be made a false entry concerning a material matter in the books, reports, and statements of ATF, in that he caused to be made and submitted to the SBA a false and misleading Form 856 Disclosure Statement for ATF representing that no assets of ATF were pledged or otherwise hypothecated as security for any liability, when in truth and in fact, as defendant JOHN B. TORKELSEN then knew, certificates of deposit totaling $3,075,000 held in the name of ATF were pledged as collateral for loans.

**(False Entry in Books, Reports and Statements of Small Business Investment Company, in violation of 18 U.S.C. §§ 1006)**.

KENNETH L. WAINSTEIN
United States Attorney


By: _____
JOHN D. GRIFFITH
Assistant United States Attorney
United States Attorneys Office
Fraud/Public Corruption Section
555 4th Street, N.W.
Washington, D.C.  20530
(202) 353-2453