

U.S. Department of Justice

United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St. N.W.*
*Washington, D.C. 20001*

October 31, 2005

FILED
NOV 3 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

<u>VIA TELEFAX – (202) 624-7222</u>

Ralph Caccia, Esq.
Powell Goldstein, LLP
901 New York Avenue, N.W.
Washington, D.C. 20001-4443

Re:  <u>Guilty Plea Materials for John Torkelsen</u>   05-336

Dear Mr. Caccia:

This letter sets forth the full and complete plea offer to your client, Mr. Torkelsen. This offer is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This plea offer will expire on Thursday, November 3, 2005. Upon receipt, the executed letter will itself become the plea agreement. The terms of the offer are as follows:

1. **Charges**: Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, Mr. Torkelsen agrees to waive Indictment and to plead guilty to a one-count information charging a violation of Title 18, United States Code, Section 1006, making a false entry in the books, reports and statements of a Small Business Investment Company. It is understood that the guilty plea will be based on a factual admission of guilt to the offense charged to be made before the Court by Mr. Torkelsen and will be entered in accordance with Rule 11 of the Federal Rules of Criminal Procedure. Mr. Torkelsen agrees that the accompanying "Statement of the Offense" fairly and accurately describes Mr. Torkelsen's actions and involvement in the offense. It is anticipated that during the Rule 11 plea hearing, Mr. Torkelsen will adopt and sign the Statement of the Offense as a written proffer of evidence.

2. **Potential penalties, assessments, and restitution**: Mr. Torkelsen understands that for each count of conviction, the maximum sentence that can be imposed is thirty years imprisonment, a fine of $ 1,000,000, or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a $100 special assessment, and a three-year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made.

But for the provisions of this agreement which provide that this agreement shall be entered pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, Mr. Torkelsen understands that the sentence to be imposed in this case will be determined by the court, guided by the factors enumerated in 18 U.S.C. 3553(a), including a consideration of the guidelines and policies

promulgated by the United States Sentencing Commission, Guidelines Manual (Nov. 1, 2001) (hereinafter "Sentencing Guidelines"). Mr. Torkelsen further understands that if the Court imposes a sentence of 70 months, he cannot withdraw his guilty plea. This does not, however, limit Mr. Torkelsen's right to appeal an unlawful sentence.

3.  **Federal Sentencing Guidelines:** The parties agree that the following Sentencing Guideline Sections apply:

Guidelines for False Statement to Small Business Administration

| | | |
|---|---|---|
| § 2B1.1(a)(2) | Base Offense Level | 6 |
| § 2B1.1(b)(1)(I) | Loss More Than $2.5 million | 18 |
| § 3B1.1(a) | Organizer and Leader | 4 |
| § 3B1.3 | Abuse of Position of Trust | 2 |
| Total | | 30 |

§ 3E1.1

| | |
|---|---|
| (a) Acceptance of Responsibility | -3 |
| Adjusted Offense Level | 27 |

The parties agree not to seek any adjustments or departures from the total offense level set forth above unless mutually agreed to in writing by both parties. In the event that this plea offer is either not accepted by Mr. Torkelsen or is accepted by Mr. Torkelsen but the guilty plea is either rejected by the Court or subsequently is withdrawn, the parties will not be bound by the proposed interpretations of applicable Sentencing Guidelines provisions contained herein.

4.  **Determination of Sentening Range Pursuant to Rule 11(c)(1)(C)**

Mr. Torkelsen and the Government agree that a sentence of 70 months, which is the lower end of the Sentencing Guidelines range of 70 to 87 months for sentencing level 27 at Criminal History Category I of the Sentencing Guidelines is the appropriate sentence for the offense to which your client is pleading guilty. The Government also agrees, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, to present this plea agreement between the parties to the Court for its approval. If the Court accepts the plea agreement and the specific sentencing range agreed upon by the parties, then the Court will embody in the judgment and sentence the disposition provided for in this plea agreement, pursuant to Rule 11(c)(4) of the Federal Rules of Criminal Procedure. The parties understand, however, that in light of other factors the Court may not agree that such a sentence is an appropriate one and may reject the plea agreement pursuant to Rule

11(c)(5) of the Federal Rules of Criminal Procedure. Mr. Torkelsen understands that if this happens, the Court, in accordance with the requirements of Rule 11(c)(5), will inform the parties of its rejection of the plea agreement, and will afford him an opportunity to withdraw the plea, or if he persists in the guilty plea will inform your client that a final disposition may be less favorable to him than that contemplated by this agreement. The parties understand that this sentence may vary from the Federal Sentencing Guideline range as calculated by the Probation Office, however the parties agree that they will recommend to the Court that, pursuant to Federal Sentencing Guidelines Section 6B1.2(c)(2), there are justifiable reasons for the Court to accept an agreed upon sentence.

5. **Financial Arrangements**: Mr. Torkelsen agrees that prior to or at the time of the sentencing, he will deliver to the Clerk's Office, United States District Court, a certified check in the amount of $100.00, to cover the special assessment, as required in Title 18, United States Code, Section 3013, and pay full restitution for his offense to the U.S. Small Business Administration, acting as Receiver for Acorn Technology Fund, L.P. All payments made by Mr. Torkelsen to the U. S. Small Business Adminstration, acting as Receiver for Acorn Technology Fund, L.P., shall be credited against the restitution obligation in this case. Mr. Torkelsen also agrees to provide a full and complete accounting of all assets, real or tangible, held by him or in any other name for his benefit, and, to that end, to submit a standard form 500 (Financial Statement of Debtor).

6. **Waiver of Rights**: Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 limit the admissibility of statements made in the course of plea proceedings or plea discussions in both civil and criminal proceedings, if the guilty plea is later withdrawn. Mr. Torkelsen expressly warrants that he has discussed these rules with his counsel and understands them. Torkelsen voluntarily waives and gives up the rights enumerated in Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410. Mr. Torkelsen understands and agrees that any statements that he makes in the course of his guilty pleas or in connection with this plea agreement are admissible against him for any purpose in any criminal or civil proceeding, if the guilty plea is subsequently withdrawn. However, if the Court rejects the plea agreement pursuant to Rule 11(c)(4), and Mr. Torkelsen withdraws his plea in accordance with Rule 11(c)(5), the government and Mr. Torkelsen agree that this waiver of rights enumerated in Rule 11(f) and Federal Rule of Evidence 410 will be limited such that no statements made by Mr. Torkelsen in the course of the guilty plea or in connection with the plea agreement can be used directly against him in the government's case-in-chief at any criminal trial, but may be used to impeach his testimony, or that of other witnesses presented on his behalf, in any civil or criminal proceeding including, but not limited to, any trial of Mr. Torkelsen.

7. **Government Concessions**: In exchange for his guilty plea, the government agrees not to oppose Mr. Torkelsen's release pending sentencing, agrees not to oppose a three-level adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, agrees not to oppose Mr. Torkelsen's voluntary surrender to commence serving any sentence which is imposed, provided that Mr. Torkelsen continues to show his acceptance of responsibility, as set forth in U.S.S.G. § 3E1.1, by: (a) cooperating with the presentence report writer (including answering all material questions

truthfully and providing all financial information requested); (b) cooperating fully and truthfully with this Court in any proceeding arising from this matter; (c) complying with the other provisions of this agreement; and (d) abiding by the conditions set for his release by the Court. Also, subject to other paragraphs in this agreement, the government will not bring any additional criminal charges against Mr. Torkelsen in the United States District Court for the District of Columbia or the Superior Court of the District of Columbia for the offenses outlined in the attached Statement of Offense and the Criminal Information. This agreement not to prosecute Mr. Torkelsen does not extend to federal or local crimes of violence as those terms are defined in 18 U.S.C. § 16 and D.C. Code § 23-1331(4). It is understood that the government has no evidence, as of the date of this agreement, of any crimes of violence involving Mr. Torkelsen.

8. **Bond Conditions:** Mr. Torkelsen understands that the Court is not obligated to follow any recommendation of the government regarding bond status and that the final decision regarding his bond status or detention will be made by the Court. The Court's decision in these regards is not grounds for withdrawal from this agreement.

9. **Reservation of Allocution:** The government reserves its full right of allocution, including, among other things, the right: (a) to inform the presentence report writer of any relevant facts; (b) to dispute factual inaccuracies in the presentence report and to contest any matters not provided for in this plea agreement; and (c) to set forth at sentencing and at any proceedings before the Bureau of Prisons all of its evidence with respect to all of Mr. Torkelsen's criminal activities, subject to the provisions of the following paragraph.

If in this plea agreement the government has agreed to recommend or refrain from recommending to the sentencing judge a particular resolution of any sentencing issue, the government reserves the right to full allocution in any post-sentence litigation in order to defend the sentencing judge's ultimate decision on such issues.

10. **Breach of Agreement:** Mr. Torkelsen agrees that if he fails to comply with any of the provisions of this plea agreement, makes false or misleading statements before the Court, commits any further crimes, or attempts to withdraw the plea, the government will have the right to characterize such conduct as a breach of this plea agreement. In the event of a breach of this agreement, (a) the government will be free from its obligations under the agreement and may take whatever position it believes appropriate as to the sentence and the conditions of Mr. Torkelsen's release (for example, should Mr. Torkelsen commit any conduct after the date of this agreement that would form the basis for an increase in Mr. Torkelsen's offense level or justify an upward departure -- examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, a probation officer, or Court -- the government is free under this agreement to seek an increase in the offense level based on that post-agreement conduct); (b) Mr. Torkelsen will not have the right to move to withdraw the guilty plea; (c) Mr. Torkelsen shall be fully subject to criminal prosecution for any other crimes which he has committed or might commit, if any, including but not limited to perjury and obstruction of justice; and (d) the government will be free to use

against Mr. Torkelsen, directly and indirectly, in any criminal or civil proceeding any of the information or materials provided by him pursuant to this agreement.

In the event of a dispute as to whether Mr. Torkelsen has breached this agreement, and if Mr. Torkelsen so requests, the matter shall be submitted to the Court and shall be resolved by the Court in an appropriate proceeding at which any information provided to the government prior to, during, or after the execution of the plea agreement shall be admissible and at which the government shall have the burden to establish a breach by a preponderance of the evidence.

11. **Statute of Limitations Waiver:** Any such prosecutions of the defendant not time-barred by the applicable statute of limitations on the date of the signing of this agreement may be commenced against the defendant in accordance with this paragraph, notwithstanding the running of the applicable statute of limitations before the commencement of such prosecutions. Mr. Torkelsen knowingly and voluntarily agrees to waive any and all defenses based on the statute of limitations for any prosecutions commenced pursuant to the provisions of this paragraph.

12. **Waiver of Venue:** Mr. Torkelsen is aware that federal law, specifically Rule 18 of the Federal Rules of Criminal Procedure, affords him the right to have charges against him prosecuted in a district where the offense was committed. Count One of the U.S. Attorney's Information references a February 10, 2002 document prepared in the Eastern District of Pennsylvania. Understanding this, and given that the government's investigation includes activities occurring in the District of Columbia, Mr. Torkelsen knowingly and voluntarily agrees to waive his right to have charges against him prosecuted in a district where the offense was committed and he agrees to the filing of the Information and entry of his plea in the District of Columbia.

13. **USAO-DC's Criminal Division Bound:** Mr. Torkelsen understands that this agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against Mr. Torkelsen.

14. **Complete Agreement:** No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by Mr. Torkelsen, Mr. Torkelsen's counsel, and an Assistant United States Attorney for the District of Columbia. If the foregoing terms and conditions are satisfactory, Mr. Torkelsen may indicate his assent by signing the agreement in the space indicated below and returning the original to me once it has been signed by Mr. Torkelsen and his counsel.

Sincerely yours,

Kenneth L. Wainstein / JR
KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY

By: _____
John D. Griffith
Assistant United States Attorney

I have read this plea agreement, consisting of __6__ pages, and have discussed it with my attorney Ralph Caccia, Esq. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: _3 NOVEMBER 2005_     _____
John Torkelsen
Defendant

I have read each of the __6__ pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely set forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: _11-3-05_     _____
Ralph Caccia, Esquire
Attorney for the Defendant