UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>)<br>v.                            )<br>)<br>)<br>JOHN TORKELSEN,     )<br>)<br>    Defendant.            )<br>_____) | Case No. 1:05-cr-00336 (RBW) |

### DEFENDANT'S SENTENCING MEMORANDUM

Defendant, John Torkelsen, through undersigned counsel, hereby files this memorandum in anticipation of his sentencing on March 7, 2006. Pursuant to a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), Mr. Torkelsen pleaded guilty on November 3, 2005 to one count of Making a False Entry in Books, Reports and Statements of a Small Business Investment Company Licensed by the U.S. Small Business Administration, in violation of 18 U.S.C. § 1006. The advisory sentencing guideline calculation is undisputed and places Mr. Torkelsen at an offense level 27, Criminal History I (70-87 months imprisonment, Zone D).

Mr. Torkelsen respectfully requests that this Court sentence him pursuant to the plea agreement and accept the agreed upon disposition of seventy (70) months imprisonment. In addition, Mr. Torkelsen requests that this Court allow him to self-surrender upon the determination of the designation of the prison facility at which he will serve his term of imprisonment, recommend that the Bureau of Prisons assign Mr. Torkelsen to the federal prison camp at Fairton, New Jersey for the service of his term of imprisonment and recommend that Mr. Torkelsen be given the opportunity to partake in the drug and alcohol treatment program offered at the federal prison camp at Fairton.

## PERSONAL BACKGROUND

Mr. Torkelsen, is sixty (60) years old and under the constant care of a physician. <u>See</u> Exhibit 1, Letter from M. Tofano to J. Walton. Outside of two violations involving drinking and driving, Mr. Torkelsen has had no interaction with the criminal justice system, other than the present offense.

Mr. Torkelsen was born to Bergit Amanda and Trygve Olaf Torkelsen on July 1, 1945 in Brooklyn, New York. Mr. Torkelsen has four children from his first marriage to Linda Moser. They are: Leif, age 36; Ingrid, age 32; Marit, age 30; and Sonja, age 27. He enjoys a close relationship with all of his children except Sonja, who has been estranged from the entire family since 2002-2003. In addition to his four children, Mr. Torkelsen has two granddaughters, through his daughter, Ingrid, aged two (2) and four (4), with whom he also enjoys a very close relationship. He sees his granddaughters several times per week and often provides care for them. <u>See</u> Exhibit 2, Letter from I. Lovrinic to J. Walton.

Mr. Torkelsen's mother and father are both living and are 91 and 90, respectively. His father, Trygve, recently suffered a stroke and is in very serious condition and his health is deteriorating rapidly. He is being treated at a nursing facility. Mr. Torkelsen's mother is currently residing in an assisted living facility; however, she is seriously handicapped and confined to a motorized wheelchair. Although not residing with his parents, Mr. Torkelsen manages their finances and continues to play an active role in their day-to-day lives.

Equity Valuation Advisors, which is owned by Mr. Torkelsen's daughter, Marit, is currently employing him as a financial analyst. In this position, he analyzes complex financial matters involving civil lawsuits, securities fraud and mergers and acquisitions. Throughout Mr.

2

Torkelsen's thirty-year career, he has always been involved in these types of matters, as well as financing start-up corporations.

## FACTUAL BACKGROUND

Mr. Torkelsen does not dispute the facts as set forth in the Statement of Offense.

## 70 MONTHS IN PRISON IS THE AGREED UPON SENTENCE

Both the United States and Mr. Torkelsen agree that the appropriate sentence in this case is seventy (70) months in prison. In addition, Mr. Torkelsen respectfully requests this Court consider the following:

Mr. Torkelsen pleaded guilty to an Information charging him with Making a False Entry in Books, Records and Statements of a Small Business Investment Company, in violation of 18 USC § 1006, and accepted responsibility for his actions. As a result of a Permanent Restraining Order by Consent, the Small Business Administration, through a receivership, controls Mr. Torkelsen's assets, thereby ensuring that any material assets of Mr. Torkelsen will be used to pay restitution.

Mr. Torkelsen is sixty (60) years old. By the time he completes his sentence, he will be between sixty-six (66) and sixty-seven (67) years old and his parents, if still living, will be ninety-six (97) and ninety-five (96) years of age. In addition, his young grandchildren will be between eight (8) and (11) years old and their first true memories of their grandfather will be of visiting him in prison.

Mr. Torkelsen takes full responsibility for his conduct and regrets the actions that led him to appear before this Court. Mr. Torkelsen requests that this Court sentence him to the term of seventy (70) months of incarceration, as agreed to and called for by the plea agreement in this

3

case. See Fed. R. Crim. P. 11(c)(1)(C). Mr. Torkelsen respectfully submits that the agreed upon disposition is appropriate under the totality of the circumstances.

## SENTENCING AND PRISON RECOMMENDATION

It is respectfully requested that this Court consider the following recommendations relating to the anticipated custody classification and placement of Mr. Torkelsen:

The majority of Mr. Torkelsen's family and friends reside in or near New Jersey. As such, Mr. Torkelsen respectfully requests that this Court recommend to the Bureau of Prisons that he be placed at the federal prison camp at Fairton, New Jersey. Designation to the Fairton facility would allow Mr. Torkelsen's family and friends to visit on a regular basis. This facility is a satellite prison camp and is one to which Mr. Torkelsen is eligible for designation. The Government has no objection to this request.

In addition, the prison camp in Fairton, New Jersey offers a program of rehabilitation in which Mr. Torkelsen will likely be eligible to participate as a result of his longstanding battle with alcohol. This program is a 500-hour Bureau of Prisons drug and alcohol treatment program that allows Mr. Torkelsen to address this problem in his life. Paragraph 43 in the Presentence Investigation Report identifies two (2) DUI convictions, one as recent as March of 2005. Mr. Torkelsen also concedes that his drinking has led to family and personal problems. This Court should therefore also recommend that the Bureau of Prisons allow Mr. Torkelsen, at eligibility, to be placed in the 500-hour drug and alcohol aftercare treatment program offered by the Bureau of Prisons.

The Bureau of Prisons is committed to providing quality, empirically-based drug abuse treatment services to all inmates with a documented need and/or interest in such programs. Upon commitment, the Bureau of Prisons screens all inmates for substance abuse problems and

informs the prisoners of drug abuse treatment services available to them while incarcerated and upon release.

The philosophy underlying all Bureau of Prisons' substance abuse programs is that individuals must assume personal responsibility for their behavior. The principal goal of treatment is to equip the individual with the cognitive, emotional and behavioral skills necessary to choose and maintain a substance-free and crime-free lifestyle.

A bio-psychosocial model of treatment guides interventions in all Bureau of Prisons' abuse programs. This holistic approach emphasizes a comprehensive lifestyle change as the key to treatment success. Issues such as physical well-being, family relationships and criminality are targeted for change in addition to traditional treatment goals of relapse prevention and abstinence. The acquisition of positive life skills is viewed as the means through which participants can change the negative thinking and behavior patterns, which led to their drug use and criminality in the past. Through individual and/or group counseling, participants can gain awareness of the negative consequences of their previous thinking/behavior patterns and can learn and develop alternative skills.

The purpose and scope of the Residential Substance Abuse Treatment Program is for the Bureau of Prisons to provide, subject to availability of appropriate funds, drug and alcohol abuse treatment to inmates.[1] The program objectives are:

    a.    Inmates who need and want treatment will be able to participate in one or more programs designed to assist them.

    b.    Inmates who meet certain criteria will be required to participate in the Residential Abuse Treatment Program.

    c.    Eligible inmates who successfully complete the Bureau's program may earn up to one year in reduction from their statutory release date.

---

[1] Bureau of Prisons Policy Statement 5330.10, dated May 25, 1995, Chapter 1, with Supplements of May 17, 1996.

    d.    Inmates who violate the program rules and expectations may be removed from the program and lose their eligibility for early release.

    e.    Inmates who participate in the program will continue their treatment when transferred to a Community Corrections Center.

    f.    Progress records on treatment participants will be properly maintained.

The goal of the program is to attempt to identify, confront, and alter the attitudes, values, and thinking patterns that led to criminal behavior and drug or alcohol use. Most program content is standardized, and employs a seven-component treatment strategy that includes:

- Screening and Assessment;
- Treatment Orientation;
- Criminal Lifestyle Confrontation;
- Cognitive Skill Building;
- Relapse Prevention;
- Interpersonal Skill Building; and
- Wellness.[2]

Based on the aforementioned information it is respectfully requested that the Court recommend that Mr. Torkelsen be placed in the prison camp facility in Fairton, New Jersey as well as recommend that, when eligible, he be allowed to participate in the drug and alcohol aftercare treatment program offered by the Bureau of Prisons at this facility.

The Bureau of Prisons will consider the above-referenced recommendations, if placed on the Judgment and Commitment Order. Although the Bureau of Prisons will make its own decision once it determines where Mr. Torkelsen is to be placed, judicial recommendations are

---

2 See U.S. Department of Justice, Federal Bureau of Prisons, Washington, D.C., February 23, 1998, <u>New Research Reveals Federal Inmate Drug Treatment Programs Reduce Recidivism and Future Drug Use</u>. In addition, Medical authority indicates that the diseases of alcoholism and drug addiction are often co-extensive and, for all practical purposes, these terms are synonymous for purposes of clinical references. Alcoholism has been characterized as a "disease" since at least the mid-19th Century. See Sir William Osler, M.D., <u>The Principles and Practices of Medicine</u>, Birmingham Publishers [The Classics of Medicine Library] 1978 Ed. at 1004 (Circa 1950).

important and reviewed with other offender characteristics and offense information when deciding where to place a particular inmate.

Finally, it is believed that self-surrender to the designated facility will be appropriate in this case. There is no indication that Mr. Torkelsen is a flight risk or poses a danger to the community. Mr. Torkelsen has been on his own recognizance during the pendency of this proceeding, is in full compliance with all of the Court's release conditions and cooperated with the Presentence Investigation Report writer. All of these facts provide a strong indication that Mr. Torkelsen would voluntarily appear once the Bureau of Prisons makes an appropriate designation. In addition, a self-surrender designation by this Court would improve Mr. Torkelsen's chances for designation to a camp by the Bureau of Prisons. 18 U.S.C. § 3143(a) authorizes this Court to release Mr. Torkelsen pending sentence and the Government does not object to Mr. Torkelsen's self-surrender.

Therefore, it is respectfully requested that this Court grant self-surrender upon the determination of designation of the prison facility in which Mr. Torkelsen will serve his term of imprisonment, recommend the federal prison camp at Fairton, New Jersey for the service of his term of imprisonment, and recommend Mr. Torkelsen receive the aforementioned drug and alcohol treatment program as a part of his rehabilitation while in custody.

## RESTITUTION

Mr. Torkelsen and the Government have agreed on a restitution amount of $1,905,634.

## CONCLUSION

Mr. Torkelsen respectfully requests that this Court sentence him to seventy (70) months in prison and that this Court grant self-surrender upon the determination of designation of the prison facility in which Mr. Torkelsen will serve that term of imprisonment, recommend the

federal prison camp at Fairton for the service of his term of imprisonment and the aforementioned drug and alcohol treatment program as a part of Mr. Torkelsen's rehabilitation while in custody.

Respectfully submitted

/s/ Ralph J. Caccia
Ralph J. Caccia
POWELL GOLDSTEIN LLP
901 New York Ave., N.W.
3rd Floor
Washington, DC 20001
(202) 624-7353 – phone
(202) 624-7222 – facsimile

## CERTIFICATE OF SERVICE

The foregoing motion was sent on the 2nd day of March, 2006 via facsimile at (202) 305-0266 and first-class mail to:

>John Griffith, Esq.
>Assistant United States Attorney
>United States Attorney's Office for
>The District of Columbia
>Judiciary Center
>555 Fourth Street, NW
>Washington, DC 20001

>/s/ Ralph J. Caccia
>Ralph J. Caccia

::ODMA\PCDOCS\WSH\378962\2