**THE HONORABLE REGGIE B. WALTON, UNITED STATES DISTRICT JUDGE**

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

# FILED

UNITED STATES OF AMERICA: Docket No.: _05-336_

MAR 7 2006

:

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

vs.:

:

**John B. Torkelsen**            **Disclosure Date:** December 21, 2005

RECEIPT AND ACKNOWLEDGMENT OF
PRESENTENCE INVESTIGATION REPORT

This is to acknowledge that each of the undersigned has received and reviewed the Presentence Investigation Report (PSI) in the above-entitled case. The undersigned further acknowledges that:

**For the Government**

(CHECK APPROPRIATE BOX)

( ) There are no material/factual inaccuracies therein.

( ) There are material/factual inaccuracies in the PSI report as set forth in the attachment herein.

_____                    _____
**Assistant U.S. Attorney**                                      **Date**

**For the Defendant**

(CHECK APPROPRIATE BOX)

( ) There are no material/factual inaccuracies therein.

( ✓ ) There are material/factual inaccuracies in the PSI report as set forth in the attachment.

_____                    _____
**Defendant**          **Date**                         **Defense Counsel**        **Date**    1-11-06

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of January, 2006, I caused a true and accurate copy of the foregoing Receipt and Acknowledgement of Presentence Investigative Report for John Torkelsen, Docket No. 04-536-07, to be sent, via facsimile at (202) 305-0266 and overnight delivery, to the following:

> John Griffith, Esq.
> Assistant United States Attorney
> United States Attorney's Office for
> The District of Columbia
> Judiciary Center
> 555 Fourth Street, NW
> Washington, DC 20001

And via facsimile at (202) 273-0242 and overnight delivery to:

> Probation Officer Elizabeth Suarez
> United States Department of Probation
> 333 Constitution Avenue, NW
> Washington, DC 20001

Don R. Berthiaume

POWELL
GOLDSTEIN LLP

Atlanta    •    Washington

RESIDENT IN WASHINGTON OFFICE
DIRECT DIAL: (202) 624 - 7353
RCACCIA@POGOLAW.COM

2006 JAN 19  A 11: 40

U.S. PROBATION OFFICE
E. BARRETT PRETTYMAN
U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

January 11, 2006

PERSONAL and FIRST CLASS MAIL

Probation Officer Elizabeth Suarez
United States Department of Probation
333 Constitution Avenue, N.W.
Washington, DC 20001

Re:    John Torkelsen, Docket No. 04-536-07

Dear Officer Suarez:

I am in receipt of my client, John Torkelsen's, Pre-Sentence Report ("PSR") and have had the opportunity to review it. I wanted to take this opportunity to identify, for you, my client's objections to portions of the PSR. The objections are:

- o  Paragraph 23: The Base Offense Level is mistakenly listed as a 7. According to USSG § 2B1.1(a), the Base Offense Level is 6. Mr. Torkelsen was not convicted of an offense referenced to the guideline, nor is his conviction an offense that has a statutory maximum term of imprisonment of 20 years or more. Consequently, the Base Offense Level should be based on USSG § 2B1.1(a)(2) and should be a level 6.

- o  Paragraph 36: Bergit Amanda (nee: Larsen) is 91 years old and Trygve Olaf Torkelsen is 90 years old.

- o  Paragraph 37: (a) Mr. Torkelsen's son's name is misspelled as "Leis" and is properly spelled "Leif," he is also 36 years old, not 35  (b) Mr. Torkelsen's final divorce decree was granted in 1987. (c) Sonja "ran off" in 2002, not 2003. (d) Instead of "Sonja has not contacted any family members since 2002," please state that "Sonja has had almost no contact with the family since 2003."

- o  Paragraph 41: In addition to taking medication for hypertension and prostrate problems, Mr. Torkelsen is also taking Lipitor for high cholesterol and has recurring diverticulitis, which needs immediate medical attention when it occurs.

- o  Paragraph 46: We oppose any reference to Mr. Torkelsen posing a "third party risk" issue and ask that this comment be removed from the PSR. Mr. Torkelsen is a financial analyst and his criminal activity did not involve any acts of violence. In addition, his current employment activity, and any post-incarceration

Probation Officer Elizabeth Suarez
January 11, 2006
Page 2

employment, is supervised by members of Mr. Torkelsen's immediate family and does not involve the handling of any funds.

o   We believe that restitution of this amount is inaccurate for several reasons. The Small Business Administration ("SBA") has recovered any loss as a result of the actions taken by Mr. Torkelsen. The $5,000,000 loss figure claimed by the Government relates to $5,000,000 of Certificates of Deposit and accounts of Acorn Technology Fund ("Acorn"), which were pledged to two banks as security for loans to other entities. The SBA as Receiver (the "Receiver") sued Fleet Bank (as successor to Summit Bank) to recover the amount pledged by Acorn to Summit Bank. In October 2003 the United States District Court for the Eastern District of Pennsylvania (the "Court") entered a ruling in the Receiver's favor and in November 2003 Fleet paid the Receiver $2,128,720.13, which reflects the total amount of funds pledged by Acorn and held by Fleet as successor to Summit Bank, plus interest. In addition, in June 2002 Progress Bank liquidated an Acorn CD in the amount of $2,005,024.73. Following the Court's November 2003 ruling, Fleet Bank (as successor to Progress Bank) and the Receiver entered into a Settlement Agreement pursuant to which Fleet paid the $2,097,024.73, which reflects the total amount of Acorn's funds set off by Progress Bank, plus interest. Consequently, the Receiver has already recovered $4,102,049.46 from the banks, which represents the total amount of Acorn assets, plus interest, which the Banks had liquidated or were holding. Prior to the Receiver being appointed, payments were made to reduce the amount of the loans involved by approximately $1,900,000. Thus, even though $5,000,000 of Acorn assets were pledged as security for the loans, as a result of these payments, only approximately $3,100,000 of Acorn assets were affected by the pledges. As the Receiver has collected $4,102,049.46 from the Banks in question, which represents approximately $1,000,000 more than the total amount of the loss as a result of the pledge transactions, restitution does not need to be made in this matter.

These constitute the extent of any objections that Mr. Torkelsen has to the PSR. Thank you for your professionalism and courtesy in this matter. If you have any questions, or concerns, please feel free to contact me at (202) 624-7353

Sincerely,

Ralph J. Caccia

For Powell Goldstein LLP