# (AMENDED) UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

V.

JOHN TORKELSEN

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: CR 05-336

Ralph Caccia
Defendant's Attorney

**FILED**
APR 4 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**THE DEFENDANT:**

Pleaded guilty to Count 1 of the Superseding Information on November 3, 2005.

Accordingly, the defendant is adjudged guilty of such count(s), involving the following offense(s):

| Title and Section | Nature of Offense | Date Offense Concluded | Count(s) |
|---|---|---|---|
| 18 USC 1006 | False Entry in Books, Reports and Statements of Small Business Investment Company | December 2000 to February 10, 2002 | 1 |

As pronounced on March 7, 2006, the defendant is sentenced as provided in pages 2 through 4 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Signed this the 4th day of April, 2006.

_____
The Honorable Reggie B. Walton

Defendant's Soc. Sec. No.: XXX-XX-2873
Defendant's Date of Birth: XX-XX-45
Defendant's USM No.: UNKNOWN
Defendant's Residence Address:
Defendant's Mailing Address:

Defendant: JOHN TORKELSEN                                            Judgment - Page 2 of 4
Case Number: CR 05-336

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of SEVENTY (70) months on Count 1 of the Superseding Information.

The Court makes the following recommendations to the Bureau of Prisons:

That the defendant be permitted to participate in the 500 hour substance abuse treatment program while serving his prison sentence.

That the defendant be placed in the appropriate federal prison facility in Fairton, NJ so he may maintain contact with family.

That the defendant will voluntarily surrender where is designated to serve his prison sentence.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ to _____ at
_____, with a certified copy of this Judgment.


_____
United States Marshal

By: _____
      Deputy Marshal

Defendant: JOHN TORKELSEN  Judgment - Page 3 of 4
Case Number: CR 05-336

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of FIVE (5) years.

While on supervised release, the defendant shall not commit another federal, state, or local crime; shall not illegally possess a controlled substance; shall comply with the standard conditions that have been adopted by this court (set forth below); and shall comply with the following additional conditions:

1. The defendant shall report in person to the Probation Office in the district to which the defendant is released as soon as possible, but in no event later than 72 hours of release from the custody of the Bureau of Prisons.

If this judgment imposes a fine, special assessment, costs, or restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine, assessments, costs, and restitution that remain unpaid at the commencement of the term of supervised release.

### STANDARD CONDITIONS OF SUPERVISION

1. You will not leave the judicial district without permission of the Court or probation officer.
2. You will report to the probation officer and submit a truthful and complete written report within the first five days of each month.
3. You will answer truthfully all inquiries by the probation officer, and follow the instructions of the probation officer.
4. You will support your dependents and meet other family responsibilities, to include complying with any court order or order of administrative process requiring the payment of child support.
5. You will work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
6. You will notify the probation officer at least ten days prior to any change of residence or employment.
7. You will not frequent places where controlled substances are illegally sold, or administered; you shall refrain from excessive use of alcohol and will not purchase, possess, use, distribute or administer any controlled substance or paraphernalia related to such substances, except as prescribed by a physician.
8. You will not associate with any persons engaged in criminal activity, and will not associate with any person convicted of a crime unless granted permission to do so by the probation officer.
9. You will permit a probation officer to visit at any time at your home, employment or elsewhere and will permit confiscation of any contraband observed in plain view by the probation officer.
10. You will notify the probation officer within seventy-two hours of being arrested, questioned, or upon having any contact with a law enforcement officer.
11. You will not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the Court.
12. As directed by the probation officer, you will notify third parties of risks that may be occasioned by your criminal record or personal history or characteristics, and permit the probation officer to make such notifications and to confirm your compliance with such notification requirements.
13. You will not possess a firearm, destructive device, or other dangerous weapon.

## ADDITIONAL CONDITIONS:

The defendant can not be rearrested.

The defendant shall obtain and maintain full time employment. The circumstances of the defendant's employment shall be at the discretion and direction of the Probation Office, but subject to review by the Court.

The defendant shall provide a DNA sample.

The defendant shall not incur new credit charges or open additional lines of credit without the approval of the Probation Office.

The defendant shall provide the Probation Office with his income tax returns, authorization for release of credit information, and any other business or financial information in which he has a control or interest.

The defendant shall be accessed for substance abuse treatment, and if found to be needed, then the defendant must participate in and complete a drug treatment program and submit to drug testing at the discretion of the Probation Office.

The defendant shall pay the balance of any restitution owed at a rate of to be established by the Probation Office.

The Probation Office shall release the presentence investigation report to all appropriate agencies in order to execute the sentence of the Court. These agencies shall return the presentence report to the Probation Office upon completion and termination of the treatment involved.

Defendant: JOHN TORKELSEN                                                                  Judgment - Page 4 of 4
Case Number: CR 05-336

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties; payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine; (4) cost of prosecution; (5) interest; (6) penalties.

| ASSESSMENT | RESTITUTION | FINE |
|---|---|---|
| $100.00 | $1,905,634.00 | $1,001.00 |

### ASSESSMENT

It is ordered that the defendant shall pay to the United States a special assessment of $100.00 for Count 1, if not paid already, which shall be due immediately.

### FINE

The defendant shall pay a fine in the total amount of $1001.00. The interest requirement for the fine is waived by the Court.

Having assessed the defendant's ability to payment of the criminal monetary penalties shall be deducted from any funds earned while serving prison term. If total amount is not paid upon release, the defendant shall make payments until total amount is paid in full.

If the fine and/or restitution is not paid, the Court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. § 3614. Pursuant to 18 U.S.C. §§ 3572(d)(3) and 3664(k), the defendant shall notify the Court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution. As set out in 18 U.S.C. § 3664(n), if the defendant receives substantial resources from any source, including inheritance, settlement, or other judgment, during the period of incarceration, the defendant shall apply the value of such resources to any restitution or fine still owed.

All criminal monetary penalty payments are to be made to the United States District Court Clerk, 333 Constitution Ave., N.W., Rm. 1825, Washington, D.C. 20001, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program.